CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
3/5/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| AMY SATTERFIELD DRISKILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 6:16-cv-72 |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

Plaintiff Amy Satterfield Driskill ("Driskill") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433. Specifically, Driskill alleges that the ALJ: (1) failed to address her chronic pain and associated disorders at Step Two; (2) failed to give controlling weight to the opinion of Driskill's treating physician; (3) improperly rejected the opinion of Driskill's husband; and (4) improperly discounted Driskill's credibility regarding her migraines. I conclude that the ALJ's analysis is not detailed enough to permit meaningful judicial review. Accordingly, I **RECOMMEND GRANTING** Driskill's Motion for Summary Judgment (Dkt. 14), and **DENYING** the Commissioner's Motion for Summary Judgment (Dkt. 16).

### STANDARD OF REVIEW

This Court limits its review to a determination of whether substantial evidence supports the Commissioner's conclusion that Driskill failed to demonstrate that she was disabled under

1

the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Driskill filed for DIB on August 28, 2012, claiming that her disability began on January 1, 2012. R. 159. The ALJ determined that Driskill engaged in substantial gainful activity from January 1, 2012 through August 2012 and thus was not eligible for benefits until September 2012. R. 59–60. The Commissioner denied Driskill's application at the initial and reconsideration levels of administrative review. R. 96, 111. On March 17, 2015, ALJ Brian Kilbane held a hearing to consider Driskill's disability claim. R. 2–36. Driskill was represented by an attorney at the hearing, which included testimony from Driskill, her husband, and vocational expert Robert Jackson. Id.

On May 29, 2015, the ALJ entered his decision analyzing Driskill's claim under the familiar five-step process,[2] and denying Driskill's claim for benefits. R. 57–68. The ALJ found

---

[1] The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

[2] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner

that Driskill suffered from the severe impairments of spine disorders, carpal tunnel syndrome, migraines, dysfunction of major joints, and obesity. R. 60. The ALJ found that these impairments did not meet or medically equal a listed impairment. R. 62–63. The ALJ further found that Driskill had the residual functional capacity ("RFC") to perform light work, except that she: (1) can frequently lift and carry ten pounds but only occasionally lift and carry twenty pounds; (2) can sit, stand, and walk for six hours during an eight-hour workday; (3) can never climb ladders, ropes, and scaffolds, but can occasionally climb ramps and stairs; (4) is unlimited as far as balance; (5) can occasionally stoop, kneel, crouch, and crawl; (6) can frequently—but not constantly—reach overhead with either arm and finger and feel with her right hand; (7) should avoid concentrated exposure to vibrations and hazards; and (8) requires a four-pronged cane to walk. R. 63.

The ALJ determined that Driskill is incapable of performing her past relevant work as an expediter for an electrical company and an assistant manager of a hotel. R. 66. However, the ALJ found that Driskill could perform competitive work that exists in significant numbers in the national economy, such as inspector/grader, machine operator, and assembler. R. 67. Therefore, the ALJ concluded that she is not disabled. R. 68.

Driskill requested that the Appeals Council review the ALJ's decision. R. 50–52. On July 25, 2016, the Appeals Council denied Driskill's request for review. R. 37–39. This appeal followed.

## ANALYSIS

Driskill challenges the ALJ's decision on four grounds, claiming that the ALJ: (1) failed to find her chronic pain syndrome, fibromyalgia, and spina bifida occulta are severe

---

at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

impairments; (2) declined to give controlling weight to the opinions of Driskill's treating physician; (3) improperly rejected the opinion of Driskill's husband; and (4) improperly discounted Driskill's credibility regarding her migraines.

**Driskill's Severe Impairments**

Driskill contends that the ALJ failed to find that her fibromyalgia, spina bifida occulta, and chronic pain syndrome were "severe impairments" at Step Two of the sequential analysis and to account for the effect these impairments have in her RFC. Here the ALJ found that Driskill had the severe impairments of spine disorders, carpal tunnel syndrome, migraine, dysfunction – major joints, and obesity. The ALJ did not discuss any of the medical evidence to support these findings. The only statement in the opinion that these particular impairments were severe was "[t]he undersigned finds that the above impairments cause more than a minimal affect on the claimant's ability to do basic work activities and, as such, they are severe." R. 60.

As it relates to conditions considered non-severe, the ALJ did not discuss Driskill's medical history, treatment, findings, or limitations caused by other conditions. Rather, the ALJ merely listed the other impairments and, in a conclusory paragraph, stated that the conditions were not severe:

> The claimant was also treated for a variety of other symptoms and complaints that appear periodically throughout the record. These conditions include, but are not limited to fibromyalgia, urinary incontinence, hypertension, right ankle sprain, cholecystectomy, appendectomy, dizziness/vertigo/syncope, fatigue, allergies, vitamin D deficiency. However, these conditions considered singly or in combination, have caused only transient and mild symptoms and limitations and are well controlled with treatment, which includes a variety of medications. Accordingly, these impairments do not constitute severe impairments.

R. 62 (internal citations omitted). The ALJ did not discuss Driskill's chronic pain syndrome or spina bifida occulta at Step Two.

4

A "severe impairment" is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A severe impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques," not "[the claimant's] statement of symptoms, a diagnosis, or a medical opinion." 20 C.F.R. § 404.1521. An impairment is not severe if it causes only "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (emphasis removed) (quoting Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984)). While the failure to list an impairment as severe at step two does not necessitate a remand, the ALJ must still "discuss all of the medical evidence." McClain v. Colvin, No. 1:12CV1374, 2014 WL 2167832, at *4 (M.D.N.C. May 23, 2014) (citations omitted).

Driskill first began treatment at the Pain Care Center of Lynchburg in December 2013. R. 666–67. She presented with pain in her neck, back, shoulders, legs and knees which began following an automobile accident in 2009. R. 666. The examining physician found significant spasms in her neck and shoulders. R. 667. She was diagnosed with lumbago, cervicalgia, cervical disc degeneration and chronic pain syndrome. Id. Driskill regularly saw the physicians at the Pain Care Center of Lynchburg throughout the relevant period. In November 2014, Driskill underwent a right medial branch nerve block at the L3 – L5 levels to address her complaints of chronic low back pain. R.648–51. In December 2014, Driskill complained to Dr. Duane Dixon that she suffered from low back pain which radiates into both hips and thighs and that the pain is getting worse on the left. R. 644. Dr. Dixon recommended that Driskill undergo a lumbar

5

radiofrequency ablation to address her pain complaints. R. 646. Throughout the time Driskill sought treatment at the Pain Care Center of Lynchburg, she was diagnosed with chronic pain syndrome.

Driskill was diagnosed with spina bifida occulta in April 2012. R. 341. Jocelyn Idema, D.O., recommended that Driskill start a home exercise program, undergo a transforaminal epidural steroid injection, and take Neurontin three times a day. R. 341–42. Driskill was instructed to follow up with Dr. Idema after the injection. R. 342. Upon her follow up, Driskill received a second injection for her pain in May 2012. R. 348. Dr. Idema stated in September 2012 that she "may only treat this with pain medication, activity modification, and physical therapy," but Driskill chose only medication due to her financial situation. R. 354. Larry Smith, M.D., explained in March 2015 that due to both chronic pain syndrome and spina bifida occulta, Driskill is "unable to continuously sit and stand longer than 10 minutes without being in sever [sic] pain, unable to lift more than 1-2 lbs, and unable to twist from left to right or bend up and down." R. 669.

Driskill has not been diagnosed with fibromyalgia. Instead, in March 2013, Lucy Yingxue Zhang, M.D., at the Orthopaedic Center of Central Virginia noted that Driskill "does have some fibromyalgia symptom," as Dr. Zhang identified a "diffuse tender point in fibromyalgia distribution." R. 367.

The ALJ failed to consider Driskill's medical records in his decision when concluding that fibromyalgia, spina bifida occulta, and chronic pain syndrome are not severe impairments. In fact, spina bifida occulta and chronic pain syndrome are not mentioned anywhere in the ALJ's opinion, while fibromyalgia is listed only as a non-severe impairment with no discussion of the relevant medical records. The ALJ did mention Dr. Smith's treatment finding that the medication

prescribed (hydrocodone) improved her function by 40-50%. R. 640, 644. The ALJ did not mention that the same medication only reduced Driskill's assessment of her pain levels from a 10/10 to 5/10 but with a sedation side effect. Id. The ALJ, in only a conclusory fashion, tries to address Driskill's physical impairments. The opinion, however, makes no attempt to discern the ongoing significant complaints of chronic pain which have led to cervical injections, lumbar injections, and a recommended lumbar radiofrequency ablation. The ALJ's extremely brief discussion of the medical evidence creates no logical bridge from the evidence of record to his conclusion that fibromyalgia, spina bifida occulta, and chronic pain syndrome are not severe impairments. I am "left to guess about how the ALJ arrived at his conclusions," and remand is therefore necessary. Mascio v. Colvin, 780 F.3d 632, 637 (4th Cir. 2015).

Upon remand, the ALJ should fully and completely consider the relevant medical evidence of record of Driskill's conditions and give a sufficiently detailed analysis of all parts of his opinion to permit meaningful judicial review.

Because I find that the ALJ failed to fully and completely discuss Driskill's medical history, it is not necessary to address her other assignments of error.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend **GRANTING** Driskill's motion for summary judgment, **DENYING** the Commissioner's motion for summary judgment, and **REMANDING** the case to the ALJ for further proceedings consistent with this opinion.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days

hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection, including a waiver of the right to appeal.

Entered: March 5, 2018

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge